496 A.2d 1256

**COMMONWEALTH of Pennsylvania**

v.

**Rodney L. LACEY, Appellee.**

**COMMONWEALTH of Pennsylvania**

v.

**Michael SMITH, Appellee.**

**COMMONWEALTH of Pennsylvania**

v.

**William STEWART, Appellee.**

Superior Court of Pennsylvania.

Argued April 2, 1985.

Decided Aug. 9, 1985.

578

Sandra L. Elias, Deputy District Attorney, Media, for Commonwealth, appellant.

Joseph M. Devecka, State College, for appellees.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This matter comes before us on appeal from the dismissal of certain criminal charges against appellees Rodney L. Lacey, Michael Smith and William Stewart. The charges, possession with intent to use drug paraphernalia and pos-

session with intent to distribute drug paraphernalia, followed a police raid on a suspected "head" shop. Finding that the Commonwealth had failed to establish a *prima facie* case against appellees, the lower court dismissed the charges. We have reviewed the record and the briefs in this matter. For the reasons that follow, we affirm in part, reverse in part the lower court's orders.

## I

Testimony at the preliminary hearing established that on July 28, 1983, Detective Gregory A. Kennard entered Balcony Inc., a store located at 6901 Market Street, Upper Darby, and purchased a large "bong" type pipe and a dagger which had metal knuckles built into its handle. While in the store, Kennard observed offered for sale numerous other items, some of which he considered drug paraphernalia and others, such as posters, albums and concert type shirts, which he deemed unrelated to drugs. August 3, 1983, Kennard returned to Balcony Inc. Ascertaining that the store's merchandise remained essentially the same, Kennard prepared an affidavit for a search warrant. Later that day, the warrant issued, Kennard with detectives searched the Balcony Inc. store and seized certain merchandise then on display, as well as other merchandise found in the store's back room. Complaints were lodged against appellees Michael Smith, William Stewart and Rodney L. Lacey[1] for violations of the Controlled Substances, Drug Devices and Cosmetic Act, to wit, use of or possession with intent to use drug paraphernalia[2] and delivery of or possession with intent to deliver drug paraphernalia.[3] Additionally, appellees were each charged with a violation of the Crimes Code, the possession of prohibited offensive weapons.[4]

1. Smith is the owner of Balcony Inc., Stewart is its manager and Lacey is the employee who waited on Detective Kennard.
2. 35 P.S. Section 780–113(a)(32).
3. 35 P.S. Section 780–113(a)(33).
4. 18 Pa.C.S. Section 908.

Following a preliminary hearing, appellees were held for court on all charges. Counsel filed a petition for habeas corpus was filed on behalf of each appellee. The Honorable R. Barclay Surrick determined that the evidence presented by the Commonwealth failed to establish a *prima facie* case on the drug paraphernalia charges.[5]

In this appeal, Commonwealth argues that the testimony presented against appellees did establish a *prima facie* case as to each of the crimes charged. A question arises as to exactly what elements of proof constitute a *prima facie* case under 35 P.S. Section 780–113(a)(33).[6] The statute prohibits:

> The delivery of, possession with intent to deliver, or manufacture with intent to deliver, drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it would be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of this act.

Commonwealth contends that the items seized are, by virtue of their display in a "head" shop, necessarily drug paraphernalia. "Possession with intent to deliver," under the Commonwealth's theory, follows from display of drug paraphernalia in a "head" shop. The lower court, applying a more stringent scienter requirement, rejected Commonwealth's first premise. "We fail to see how this evidence establishes that the defendants held for sale the multi-purpose items seized by authorities with the specific intent that they would be used in conjunction with illegal drugs." Lower court opinion at 18. Finding that Commonwealth failed to establish that the items seized were in fact drug

5. The matter was submitted to Judge Surrick on briefs and the notes of testimony from the preliminary hearing.

6. Commonwealth fails to develop an argument as to 35 P.S. Section 780–113(a)(32). "The Commonwealth's brief presents argument as to (a)(33). Of course, the same evidence would support a charge of (a)(32)." Appellant's Brief at 15, n. 3.

paraphernalia, the lower court dismissed the drug paraphernalia charges.[7]

## II

At issue is the interpretation of Pennsylvania's Drug Paraphernalia Act (the "Act").[8] The Act, which is patterned on the Model Drug Paraphernalia Act, has been incorporated into Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act.[9] Section 780–102(b) provides a tri-partite definition of "drug paraphernalia." First, it defines drug paraphernalia generally as "all equipment, products and materials of any kind which are used, intended for use or designed for use" with a controlled substance. Second, it lists twelve types of items as examples of drug paraphernalia. Finally, it offers thirteen factors to be considered when determining whether an item is drug paraphernalia:

In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, prior convictions, if any, of an owner, or of anyone in control of the object, under any State or Federal law relating to any controlled substance, the proximity of the object, in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of this act, the innocence of an owner or of anyone in control of the object, as to a direct violation of this act should not prevent a finding that the object is intended for use or

7. The petitions were denied as to the charged violations of 18 Pa.C.S. Section 908.

8. Act of December 4, 1980 P.L. 634 No. 186.

9. Act of April 14, 1972 P.L. 233 No. 64, as amended, 35 P.S. Section 780–101, *et seq.*

designed for use as drug paraphernalia, instructions, oral or written, provided with the object concerning its use, descriptive materials accompanying the object which explain or depict its use, national and local advertising concerning its use, the manner in which the object is displayed for sale, whether the owner, or anyone in control of the object is legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products, direct or circumstantial evidence of the ratio of sales of the object to the total sales of the business enterprise, the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

35 P.S. Section 780–102(b).

■ The Act includes a specific intent requirement to distinguish innocent transfers of multi-purpose items from illegal transfers of drug paraphernalia. *See Pennsylvania Accessories Trade Association v. Thornburgh,* 565 F.Supp. 1568, 1576 (M.D.Pa.1983); *see also Hoffman Estates v. Flipside,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). For an item to be classified as drug paraphernalia, the prosecution must establish that the person charged with violating the Act had the specific intent that the item he possessed or delivered be used with controlled substances.

■ So ruling, we adopt the holding of the Federal District Court in *Pennsylvania Accessories Trade Association v. Thornburgh,* 565 F.Supp. 1568, 1576 (M.D.Pa.1983). Although we are not bound by an inferior federal court's interpretation of state law, *see Moore v. Sims,* 442 U.S. 415, 428, 99 S.Ct. 2371, 2379, 60 L.Ed.2d 994 (1979), we are persuaded by the reasoning of Judge Herman's thoughtful opinion. An item does not qualify as drug paraphernalia unless it is "used, intended for use or designed for use" with controlled substances. It is clear that the Act permits a person to be arrested, prosecuted and convicted only for that person's own use, intent or design. This construction has been adopted by those federal circuit courts which have

considered the issue. See *Pennsylvania Accessories Trade Association v. Thornburgh*, 565 F.Supp. at 1576–77 and cases cited therein. Further, as Judge Herman correctly notes, this interpretation is impelled by Pennsylvania law. *See Commonwealth v. Wilson*, 449 Pa. 235, 238, 296 A.2d 719, 721 (1972) (liability for acts of another only with a showing of shared criminal intent); *Commonwealth v. Teada*, 235 Pa.Super. 438, 444, 344 A.2d 682, 684–85 (1975) (if inconsistent interpretations are both reasonable, benefit of doubt inures to defendant); 1 Pa.C.S. Section 1928(b)(1) (penal statutes strictly construed).

Precisely because a defendant is to receive the benefit of a doubt, we are not persuaded by the reasoning of the Commonwealth Court in *Cochran v. Commonwealth*, 69 Pa.Cmwlth. 74, 450 A.2d 756 (1982). In *Cochran* the Commonwealth Court, addressing an analysis of the Drug Paraphernalia Act, assumed that objects could be classed as drug paraphernalia solely on their physical characteristics. The problem with such an approach is that it fails to distinguish "the paper clip which holds the pages of this opinion from an identical clip which is used to hold a marijuana cigarette." *Pennsylvania Accessories Trade Association, Inc. v. Thornburgh*, 565 F.Supp. at 1577 (citation omitted).

To summarize, an item can be qualified as "drug paraphernalia" only if it meets the statutory definition of Section 780–102(b) and the prosecution establishes that the accused used it, intended it for use or designed it for use with controlled substances.

### III

Having ascertained the relevant law, we turn now to the purpose and procedure of the preliminary hearing and to the scope of our powers on review.

A creature of statute, the preliminary hearing is intended to protect the accused from unlawful detention. *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978).

To that end, the prosecution must establish at least a *prima facie* case that a crime has been committed and that the accused is the one who committed it. *Commonwealth v. Mullen*, 460 Pa. 336, 341, 333 A.2d 755 (1975). The Commonwealth's burden at this stage falls short of proof beyond a reasonable doubt. *Commonwealth v. Rick*, 244 Pa.Super. 33, 366 A.2d 302 (1976). The proof need only be such that, if the evidence were presented at trial and accepted as true, the trial judge would be warranted in allowing the case to go to the jury. *Commonwealth ex rel. Scolio v. Hess*, 149 Pa.Super. 371, 374–375, 27 A.2d 705, 707 (1942).

Case law prescribes a mechanical standard of review:

Our function is to take the facts proven by the Commonwealth at the preliminary hearing and to determine whether the sum of those facts fits within the statutory definition of the types of conduct declared by the Pennsylvania legislature in the Crimes Code to be illegal conduct. If the proven facts fit the definition of the offenses with which the appellees are charged, then a prima facie case was made out as to such offense or offenses. If the facts do not fit the statutory definitions of the offenses charged against the appellees, then the appellees are entitled to be discharged.

*Commonwealth v. Lynch*, 270 Pa.Super. 554, 582, 411 A.2d 1224, 1239 (1980) (citations omitted).

 In the instant case, Commonwealth sought to establish intent with circumstantial evidence. "The use of inferences is a process of reasoning by which a fact or proposition sought to be established is deduced as the logical consequence from the existence of other facts which have been established," *Commonwealth v. Wojdak*, 502 Pa. 359, 368, 466 A.2d 991, 996 (1983) (citations omitted). The test for reviewing these inferences is well established:

Evidentiary inferences, like criminal presumptions, are constitutionally infirm unless the inferred fact is more likely than not to flow from the proved fact on which it is made to depend. When the inference allowed is tenuous-

ly connected to the facts proved by the Commonwealth, due process is lacking.

*Commonwealth v. McFarland*, 452 Pa. 435, 439, 308 A.2d 592, 594 (1973) (citations omitted). The "more-likely-than-not" test is, of course, a minimum standard against which we measure the reasonableness of the inferences used to establish a *prima facie* case of criminality. *Commonwealth v. Wojdak*, 502 Pa. at 368, 466 A.2d at 996.

## IV

In the case at bar, Commonwealth relied on the physical appearance of the items on display at Balcony Inc. and the experience of the officers as narcotic investigators to establish that the items were intended for use as drug paraphernalia. The lower court concluded that Commonwealth's evidence failed to support an inference of specific intent. We disagree.

Section 780–102(b) contains a nonexhaustive list of factors to guide law enforcement authorities and the courts in determining whether an object is drug paraphernalia, that is, whether it is possessed, delivered or manufactured with the requisite intent. *Pennsylvania Accessories Trade Association v. Thornburgh*, 565 F.Supp. at 1578. Commonwealth, at the preliminary hearing, introduced various items purchased or seized from Balcony Inc. These items included a "bong" type pipe; a leather packet containing a mirror, straw, spoon type object, razor blade and clear vial, a second packet, "basically the same type of kit but used," assorted pipes and a scale. Exhibits C–1, C–2, C–7, C–8, C–12 and C–13. Section 780–102(b) offers examples of drug paraphernalia; among them are "Bongs," "Miniature cocaine spoons and cocaine pipes," "metal, wooden, acrylic, glass, stone, plastic or ceramic pipes with or without screens, permanent screens, hashish heads or punctured metal bowls" and "scales or balances used, intended for use or designed for use in weighing or measuring controlled substances." Chief among the factors to be considered by the court is expert testimony concerning the object's use.

Sergeant Greg Seltzer testified as an expert witness as to the illegal use which could be made of the items seized and purchased from Balcony Inc.

On the basis of the evidence presented at the preliminary hearing, we are satisfied that the Commonwealth did establish a *prima facie* case with respect to the alleged violations of Section 780–113(a)(33). Section 780–113(a)(33) prohibits the possession with intent to deliver drug paraphernalia. To establish a *prima facie* case under Section 780–113(a)(33), the Commonwealth must show first that the seized items constitute "drug paraphernalia." We are satisfied that the items fall within the statutory description. *See* Section 780–102. The further requirement of specific intent, that each of the accused intended each of the various items to be used with controlled substances, may be inferred from the facts of this case, the nature of the items, and the officers' experience in narcotics investigations. Possession with intent to deliver the paraphernalia follows from the totality of the circumstances in this case.

We note the testimony on record tending to militate against an inference of specific intent. The "bong" type pipe bore a sticker which indicated studies done by the United States Department of Health, Education and Welfare show that tobacco smoke filtered through water pipes contain 50% less carcinogenicity than smoke from standard pipes, cigarettes and cigars. Signs throughout the store cautioned: "You must be 18 to buy tobacco merchandise," "You must be 18 to purchase pipes, papers, or any tobacco related merchandise, please have I.D. ready," "No item we sell is intended for use with any illegal substances, therefore, if you imply the item you want is to be used illegally, we must refuse to sell you that item." The seized kits were displayed as "Snuff Kits." In turn, each officer testified that he had no knowledge that any of the defendants had prior convictions relating to controlled substances; that he had discovered no residue of controlled substances in the objects seized at Balcony Inc.; that he had no evidence or names of persons to whom defendants had actually deliv-

ered items from Balcony Inc.; that he had no knowledge that any of the defendants had training concerning objects used for ingesting controlled substances; that he had no reason to believe that any defendant had participated in the design or construction of any object seized at the store; and that he had no reason to believe any of the defendants had used controlled substances. Sergeant Seltzer testified further that none of the defendants had given oral instructions concerning the use of any of the items seized; and that he had concluded the items were drug paraphernalia simply from the physical appearance of the items themselves. It was not disputed that Balcony Inc. is properly licensed to sell tobacco products. Neither officer attempted to determine the ratio of sales of the items seized as drug paraphernalia to total gross sales of Balcony Inc. *See* 35 P.S. Section 780–102(b).

We recognize the import of this testimony and we maintain that the inference of specific intent is reasonable at this stage of the proceedings. It remains for the Commonwealth to put its proof to test at trial. There, the fact-finder may well conclude that the circumstances fail to establish beyond a reasonable doubt the requisite intent. Such speculation is beyond us now. At this stage of the proceedings, we simply conclude that the Commonwealth has established a *prima facie* case with respect to Section 780–113(a)(33).

The lower court did correctly dismiss the charges under Section 780–113(a)(32). The record is devoid of testimony that any of the defendants used or possessed with the intent to use drug paraphernalia.[10]

The orders are affirmed as to charges arising under 35 P.S. Section 780–113(a)(32) and reversed as to those arising under 35 P.S. Section 780–113(a)(33). The matter is remanded for trial on the latter charges. Jurisdiction is relinquished.

10. Commonwealth, by failing to develop an argument under Section 780–113(a)(32), may be deemed to have waived the issue. *See Commonwealth v. Balch*, 328 Pa.Super. 71, 476 A.2d 458 (1984); *see also* Pa.R.A.P., Rule 2119, 42 Pa.C.S.A.