497 A.2d 1369

**COMMONWEALTH of Pennsylvania**

v.

**Herbert LINDSEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1985.

Filed Sept. 6, 1985.

William R. Cunningham, North East, for appellant.

Michael J. Veshecco, District Attorney, Erie, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

Herbert Lindsey, Appellant, appeals from the judgment of sentence imposed April 20, 1979. Appellant phrases his issue for review as follows:

I. Whether there was sufficient evidence to support the verdict when there was only one witness to the crime, the victim, who was not wearing her glasses at the time of the incident, which occurred at night time in a room only lit by one small night light, and when the victim testified that her assailant was wearing wire-rim glasses and did not use or threaten her with a gun?

For the reasons stated herein we affirm as to the judgment of sentence for rape and burglary and vacate the sentence for crime committed with a firearm.

On July 10, 1978 at approximately 12:15 A.M., Grace Chapin heard a crash at the front door of her apartment. Subsequently, a black male walked into her bedroom, raped her, stole some money and a television set from her, and left. Ms. Chapin later identified her assailant as the Appellant, Herbert Lindsey.

Herbert Lindsey was arrested by the police on July 14, 1978 and charged with burglary,[1] rape,[2] and committing a crime with a firearm.[3]

Lindsey proceeded to a non-jury trial held before the Honorable Lindley R. McClelland on December 29, 1978, and continued until February 7, 1979. Following the close of testimony, on February 14, 1979, Lindsey was found guilty of all the charges.

On April 20, 1979, Lindsey was sentenced to a term of seven and one-half (7½) to twenty (20) years on the rape

1. 18 Pa.C.S. § 3502.
2. 18 Pa.C.S. § 3121.
3. 18 Pa.C.S. § 6103.

conviction; sentence on the other two charges was suspended. Lindsey subsequently filed a notice of appeal *Nunc Pro Tunc* which was refused by this court.

Lindsey then filed a PCHA[4] petition in the Court of Common Pleas, alleging ineffective assistance on the part of his trial counsel for failure to file his appeal on time. Following a hearing before the Honorable Richard L. Nygaard, Lindsey's appeal rights were reinstated *Nunc Pro Tunc* by opinion and order dated February 8, 1984.

On or about February 17, 1984, a notice of appeal was filed with this Court for disposition.

Appellant's contention that there was insufficient evidence to support the verdict of guilty on the charges of rape and burglary is ill-founded. The facts, as set forth in the record, indicate that the trial judge had sufficient evidence before him to find appellant guilty of the rape and burglary charges. The testimony at trial, as presented by the victim, Ms. Chapin, indicated that appellant was seen by the victim prior to and during the rape. Although her face was covered during most of the burglary, Ms. Chapin stated that, prior to this incident, she had also observed appellant in her neighborhood. N.T., 12/29/78 at 4, 19. Ms. Chapin further stated that although she has difficulty with her eyesight (she is nearsighted) and wears glasses, she did not need the glasses to see things close to her. N.T., 12/29/78 at 9–11. In addition to this, Ms. Chapin testified that shortly after the assault she picked appellant's photo from a photo array consisting of several photos. N.T., 12/29/78 at 40.

▮ The finder of fact can believe all, part, or none of the testimony presented. *Commonwealth v. Jensch,* 322 Pa.Super. 304, 469 A.2d 632 (1983). In the instant case, the trial judge was in the best position to observe the demeanor of the witnesses and to determine the validity of their testimony. Here, the fact finder obviously believed the testimony of Ms. Chapin to be truthful. This court will not

4. Post Conviction Hearing Act, 42 Pa.C.S. 9541 *et seq.*

question such a finding where the trial judge was better able to weigh the testimony. Since we are compelled to view the evidence in a light most favorable to the Commonwealth, as verdict winner, along with any reasonable inferences deducible therefrom, *see Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979), we find the judgment of sentence on the charges of rape and burglary to be proper. Accordingly, we affirm as to these judgments.

Appellant's additional contention, however, requires a different conclusion. Appellant argues that the conviction for the charge of crime committed with a firearm should not stand, and we agree. 18 Pa.C.S. § 6103 states that a person is in violation of this statute if he "shall commit or attempt to commit a crime of violence when armed with a firearm ... [thus] he may, in addition to the punishment provided for the crime, be punished also as provided...."

Appellant argues that there was insufficient evidence to support a conviction on this charge; however, we need not address the sufficiency of the evidence here. It is well established that violation of this statute does not create a separate offense for which one may be convicted; the statute merely provides that a violation of the weapons offense does not merge with the crime of violence *for purposes of sentencing*. *Commonwealth v. Flynn*, 314 Pa.Super. 162, 460 A.2d 816 (1983); *Commonwealth ex rel. Curry v. Myers*, 195 Pa.Super. 480, 171 A.2d 792 (1961). (Emphasis added). Furthermore, a person may not be convicted and sentenced on the "crime" of crimes committed with a firearm. *Commonwealth v. Turner*, 265 Pa.Super. 486, 490, 402 A.2d 542, 544 (1979). Appellant, in the instant case, was unlawfully convicted and sentenced (although sentence was suspended) on the charge of crimes committed with a firearm. Therefore, we vacate the judgment of sentence on that conviction.

Affirmed in part, vacated in part. Jurisdiction is relinquished.