504 A.2d 243

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank POTTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Jan. 24, 1986.

62

Sandra L. Elias, Deputy District Attorney, Media, for Com., appellee.

Before WIEAND, CIRILLO and ROBERTS, JJ.

CIRILLO, Judge:

Appellant, Frank J. Potter, owns a small shop called "Fifth Street Jazz." In colloquial terms, the store is a "Head Shop": most of the inventory is commonly used in connection with prohibited controlled substances. Pursuant to a search warrant, a narcotics detective seized the bulk of appellant's inventory. After a jury trial, appellant was convicted of possession with intent to deliver drug paraphernalia in violation of 35 P.S. § 780–113(a)(33) and was sentenced to three months probation.

The first issue raised on the appeal is whether the trial judge properly instructed the jury on the requisite state of mind for the crime charged. He summarized to the jury as follows: "So the Commonwealth must prove that this was

drug paraphernalia. They must prove that the defendant knew what it was and knew the uses for which it was capable of being put." The judge further explained that the jury should consider surrounding circumstances in deciding whether the items were drug paraphernalia, including "the statements of the owner or anyone who is in control of these objects concerning their uses," and also common knowledge of the drug related uses of the items. These factors, the judge instructed, would point to whether the accused knew whether the items would be used in contravention of the Drug Act.

In appellant's view, the instructions were improper insofar as they emphasized his knowledge of his *customers'* intent, instead of his *own* intention concerning the use of the items. In other words, he views his conviction as based upon constructive knowledge not properly attributable to appellant himself.

Admittedly, it would be unconstitutional to attribute a customer's intent to appellant, since "the statute permits a person to be arrested, prosecuted, or convicted only for that person's own intent." *Pennsylvania Accessories Trade Association v. Thornburgh*, 565 F.Supp. 1568, 1576 (M.D. Pa.1983). However, we find it equally extreme to suggest, as appellant does, that the Commonwealth must be saddled with the burden of proving appellant's *desire* to have the items used in connection with controlled substances. The proper standard lies midway between these poles.

■ Pursuant to 35 P.S. § 780–102(b), drug paraphernalia is that which is "intended for use" with illegal drugs. Appellant would have us interpret "intended" as meaning he must *desire* that the items be so used. We reject this novel proposition. One is held to intend the consequence of some action if the result is practically certain to follow from the conduct. *See* LaFave and Scott, *Criminal Law* Section 28 at 196 (1st Edition, 1972). Our own Crimes Code includes an identical interpretation of the word "intended." *See* 18 P.S. § 302(b)(2)(ii).

Consonant with this generally accepted definition, the Model Drug Paraphernalia Act, in the Comment to Article II, calls for an inquiry into whether the seller "is aware of a high probability an object will be used as drug paraphernalia." The Pennsylvania statute is patterned after the Model Act. We thus look simply to appellant's knowledge of the likelihood that the items sold would be used in conjunction with controlled substances; whether he is cognizant of an additional, lawful use of the items is not controlling. *See Thornburgh, supra; Cochran v. Commonwealth*, 69 Pa. Comwlth. 74, 450 A.2d 756 (1982); *Commonwealth v. Lacy* 344 Pa.Super. 576, 496 A.2d 1256 (1985) (adopting *Thornburgh*); *Town Tobacconist v. Kimmelman*, 94 N.J. 85, 462 A.2d 573 (1983).

■ It now remains for us to determine how this intent on the part of appellant is to be found. The definition of drug paraphernalia is incorporated into the proscriptive section of the statute itself. When an item sold is among those listed in the statute as drug paraphernalia, intent on the part of the seller is automatically found. However, if the item sold is not on the list of prohibited items, it does not necessarily follow that the seller cannot be convicted under the statute. As the trial judge explained in his charge to the jury, there may exist important surrounding circumstances which allow a finding of intent to deliver paraphernalia. Thus, a grocery store owner who sells plastic baggies to a customer unaware of the use to which they will be put has broken no law, since baggies are not listed by statute as drug paraphernalia. However, if the customer were to ask the grocer for plastic baggies suitable for the storage of marijuana and the grocer provided them, a jury could very well find the seller in violation of the law, because in such instance the baggies *are* drug paraphernalia. *See Town Tobacconist*, Id., at 116–17, 462 A.2d at 589.

■ Statements made by the buyers concerning their intended use of the items were not attributed to the seller in finding his intent. Rather, the statements were merely an aid in determining whether the products sold actually had a

commonly recognized drug-related function; as such, they were a factor among many to be considered by the jury. No direct correlation was made between the buyers' intent and that of the seller. The charge was therefore proper in all respects.

 Appellant also argues that the Commonwealth's circumstantial evidence was insufficient to prove him guilty beyond a reasonable doubt. As has been repeatedly held, the test to be applied is whether the facts support the guilty verdict when interpreted in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Lindsey*, 345 Pa.Super. 191, 497 A.2d 1369 (1985); *Commonwealth v. Merrick*, 338 Pa.Super. 495, 488 A.2d 1 (1985); *Commonwealth v. Brown*, 336 Pa.Super. 628, 486 A.2d 441 (1984). Further, guilt beyond a reasonable doubt can be shown wholly by circumstantial evidence. *Commonwealth v. Shirey*, 343 Pa.Super. 189, 494 A.2d 420 (1985); *Commonwealth v. Alvarado*, 333 Pa.Super. 63, 481 A.2d 1223 (1984). It has been specifically held that the principle allows the intent of an accused to be determined from circumstantial evidence alone. *Commonwealth v. Russell*, 313 Pa.Super. 534, 460 A.2d 316 (1983); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981). For these reasons, and in light of the testimony detailing the nature of the seized items, we reject appellant's argument entirely.

Appellant next contends the trial court erred in denying his motion to suppress the evidence seized from his store. Specifically, he urges that the facts upon which the search warrant were based did not sufficiently make out a showing of probable cause, since none of those facts indicated that he possessed the mental state required for a violation of the Drug Paraphernalia Act.

An experienced narcotics agent entered the store and purchased a "strap-on-face" mask that was on display along with other items commonly used to aid in the ingestion of illegal drugs. He described these items in the affidavit, along with the Drug Paraphernalia Act's definition of prohibited items.

■ We believe these facts provided the magistrate with a rational, common sense basis for finding it probable that the storeowner was doing business in contravention of the law; in other words, realizing the likelihood that the goods sold would be used in connection with controlled substances. The affidavit was therefore valid. In so holding, we note that our Court has adopted the more flexible "totality of the circumstances" approach to probable cause determinations, as espoused in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See Commonwealth v. Neidig*, 340 Pa.Super. 217, 489 A.2d 921 (1985); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984); *Commonwealth v. Price*, 318 Pa.Super. 240, 464 A.2d 1320 (1983); *Commonwealth v. Crawford*, 320 Pa.Super. 95, 466 A.2d 1079 (1983). In addition, a trial court's determination of probable cause is accorded the utmost deference on appeal. *Commonwealth v. Neidig, supra.*

■ Finally, appellant contends the trial judge improperly cut short a line of questioning intended to show appellant's ignorance of the illegality of his conduct, ostensibly based on the fact that the police had never told him in the past that he was breaking the law. This argument in wholly without merit. We seriously doubt that appellant believed his sales were legal simply because he had never been arrested on a similar charge. Regardless, he was able to state to the jury, before questioning was cut short, that several officers had been in his store on prior occasions and had not mentioned the illegal nature of appellant's activity. He was found guilty in spite of that testimony. We are convinced beyond a reasonable doubt that any error in the cessation of questioning on the matter was harmless. *See Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978); *Commonwealth v. Evans*, 332 Pa.Super. 301, 481 A.2d 625 (1984). *See also, U.S. v. Otto*, 742 F.2d 104 (3rd Cir.1984) (no reversible error in trial court's denial of opportunity to present evidence of earlier legitimate transactions to negate intent to defraud).

The judgment of sentence is affirmed.