BOZZA, J.,
Defendants Karen Scepura, Ronald Scepura and Patrick Casher have each been charged with violation of 75 P.S. §1531, driving under the influence of alcohol. A preliminary hearing was scheduled prior to which counsel for each defendant served a subpoena on the Pennsylvania State Police requesting that at the time of the preliminary hearing, they bring “the last annual certificate of calibration of an intoxilyzer machine serial number 27-102605 taken prior to August 11, 1990, the last monthly certificate of breath test device accuracy on said intoxilyzer taken prior to August 11, 1990, and all log entries from the date of the annual certificate of calibration to August 11, 1990.” The request was contained in a subpoena issued by the Clerk of Courts in a form provided by Rule 235.5 of the Pennsylvania Rules of Civil Procedure. The subpoena was not provided by the issuing authority (i.e., the district justice).
The State Police, ostensibly on the advice of the Erie County District Attorney’s Office, did not comply with the subpoena, refusing to produce log entries for more than 30 days prior to the date in issue. Defendants now come before this court requesting that the Commonwealth be ordered to comply with the subpoenas and produce the requested log entries.
Initially, this court notes (notwithstanding the correctness of defendants’ position) the preferred procedure for challenging a subpoena is to file a motion to quash. Simply ignoring the request does not facilitate the expedient resolution of a disputed *461 legal issue or contribute to the efficient operation of the criminal judicial system.
The only question presented by defendants is whether they are entitled to obtain the requested information prior to or at the time of a preliminary hearing. There is no authority in Pennsylvania which squarely addresses this question and federal constitutional law appears silent on this point as well. It is noted that the defendant has not raised the question of the sufficiency of the Commonwealth’s case in support of finding a probable cause nor challenged the foundation requirements for the introduction of chemical tests of breath.
The purpose of a preliminary hearing is limited to determination of whether probable cause exists to continue a criminal prosecution. As such, it serves as a check on the government’s decision to make an arrest and facilitates the prevention of unlawful detentions. Commonwealth v. Lacey, 344 Pa. Super. 576, 496 A.2d 1256 (1985). See also, Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975). While the discovery of information about the prosecution’s case is a natural by-product of a preliminaiy hearing, it is not conducted for that purpose. In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970), the Supreme Court determined that the preliminary hearing constituted a “critical stage” in the criminal process and therefore a defendant is entitled to be represented by counsel. In reaching its decision, the court noted that one of the things that may be accomplished by counsel in a preliminary hearing is the discovery of information which would assist in the preparation of a proper defense. While the court in Coleman recognized the usefulness of the preliminary hearing, from the defendant’s perspective, of obtaining “discovery,” it did not imply or otherwise *462 indicate that discovery during or prior to a preliminary hearing was an implicit requirement of due process. Indeed, Pennsylvania has not recognized the applicability of its own discovery rules at a preliminary hearing or at any prior time.
Defendants have argued that discovery of the log entries of the State Police concerning the history of the breathalyzer in question is essential to allow them to challenge the admissibility of breathalyzer results at a preliminary hearing and attempt to negate a prima facie case.* While defendants are correct in suggesting the Commonwealth’s burden is to present evidence sufficient to support a prima facie case, they incorrectly conclude they are entitled, in the absence of compelling circumstances, to require the production of the documentation in question.
The nature and function of a preliminary hearing in jurisdictions where it is utilized as an alternative to a grand jury proceeding precludes its formal use as a vehicle for discovery. Discovery issues are more expediently resolved at a stage in the process where the greatest amount of information is most predictably available and in a forum more receptive to the legal analysis of the issues involved. At a preliminary hearing, the Commonwealth is not obligated to present its entire case but only evidence sufficient to prove probable cause. In doing so, it is required to meet whatever mandatory foundation requirements, statutory or common law, which may apply. See Commonwealth v. Parra, no. 438 of 1989 (Erie County, filed February 28, 1990). It would be of little benefit to a defendant to be presented with *463 information which must already be introduced by the Commonwealth. Where the Commonwealth has . failed to do so, leading the defendant to believe that a finding of probable cause is erroneous, sufficient remedies are available to prevent unjust prosecutions and/or unlawful detentions. Moreover, exculpatory and certain other items of information, including results of certain scientific tests, must be provided to the defendant upon request following arraignment.
For all of the reasons stated above, defendants’ motion must be denied.
ORDER
And now, December 11, 1990, upon consideration of defendants’ motion for order to require police agencies and the District Attorney’s Office to comply with subpoenas to produce records of log entries on breathalyzer and intoxilyzer equipment at preliminary hearings, it is hereby ordered, adjudged and decreed that said motion is denied.

 It is noteworthy that the introduction of the results of chemical tests of breath at the preliminary hearing may not be necessary in determining the existence of probable cause to believe that a defendant has violated section 3731.