mismanagement of a given case. In all three of these cases, the Court addressed whether the Commonwealth acted with due diligence in bringing the case to trial pursuant to Pa.R.Crim.P. 1100. Without addressing the facts of these cases, which are nonetheless distinguishable, we find the cases unpersuasive because we are reviewing the trial court's suppression ruling under Rule 305 B and not Rule 1100.

For these reasons we reverse the trial court's suppression Order and remand the case for trial, noting appellee should be given time and the opportunity to have an expert examine the report prior to trial.

Order reversed; case remanded in accordance with this Opinion.

Jurisdiction relinquished.

599 A.2d 1353

**COMMONWEALTH of Pennsylvania**

**v.**

**Sue B. CRAFTON, Appellant.**

Superior Court of Pennsylvania.

Oct. 24, 1991.

