## Commonwealth v. Miller

*Bradford C. Timbers, assistant district attorney,* for the Commonwealth.

*James G. Murphy,* for defendant.

BRENNER, *J.,* August 5, 1992—Presently before the court is defendant's omnibus pretrial motion in which he seeks dismissal of the charges filed against him in the above-captioned case. On June 29, 1992, a hearing was held in consideration of this motion, from which we make the following findings of fact:

On the evening of August 6, 1991, Officer Gerber of the Bethlehem Police Department was on patrol in a marked police cruiser and was in full uniform. At 10:15 p.m., he received a radio call that an individual was asleep in a vehicle located at the 1800 block of West Market Street.

Upon arriving at the scene, Officer Gerber found defendant asleep in a Dodge pickup truck with his head on the passenger side of the seat and his feet on the driver side of the seat. The vehicle itself was parked 4 feet from the curb and was facing east in the eastbound lane of West Market Street. In addition, the vehicle's engine was not running nor were its lights on. Officer Gerber also noticed that the vehicle's keys were in the ignition and the doors were locked.

Because the doors were locked, Officer Gerber reached inside the window, opened the door and woke defendant. He then removed the keys from the ignition and asked defendant to step out of the vehicle. As defendant left the pickup truck, Officer Gerber smelled a strong odor of alcohol on defendant and observed that defendant was unsteady on his feet.

Defendant was then asked to take a field sobriety test, but he refused. As a result, he was arrested, taken to the DUI center, tested and found to have a blood alcohol level in excess of 0.10. Subsequently, defendant was charged in the above-captioned case with driving under the influence to a degree which renders a person incapable of safe driving,[1] and driving while the amount of alcohol by weight in the blood is 0.10 percent or greater.[2]

On September 30, 1991, a hearing was held before District Justice Maura. At the conclusion of the hearing, the charges against defendant were bound over to court.

## DISCUSSION AND CONCLUSIONS OF LAW

In his omnibus pretrial motion, defendant contends that the above-captioned case should be dismissed as the Commonwealth failed to establish a prima facie case for either of the charges filed against him.[3] We agree.

Our analysis begins with an examination of the nature of the evidence which must be presented by the Commonwealth at a preliminary hearing. The principal func-

---

1. 75 Pa.C.S. §3731(a)(1).
2. 75 Pa.C.S. §3731(a)(4).
3. In his motion, defendant also seeks dismissal on the ground that the statute under which he has been charged, 42 Pa.C.S. §3731(a) is unconstitutionally vague. Because we are dismissing the charges for a different reason, this issue will not be addressed.

tion of a preliminary hearing is to protect an individual from being unlawfully detained. *Commonwealth v. Lacey,* 344 Pa. Super. 576, 583, 496 A.2d 1256, 1260 (1985). At a preliminary hearing, the Commonwealth bears the burden of establishing at least prima facie that a crime has been committed and that the accused is the one who committed it. The Commonwealth must establish the presence of every element necessary to constitute the offense charged and the defendant's complicity in each offense. *Commonwealth v. Snyder,* 335 Pa. Super. 19, 23, 483 A.2d 933, 935 (1984). Proof beyond a reasonable doubt is not required at this point. Rather, the proof needs only to be such that a trial judge would be warranted in allowing the case to go to the jury. *Lacey* at 584, 496 A.2d at 1260. In making this determination, inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect. *Snyder* at 23, 483 A.2d at 935. However, if a case relies solely upon a tenuous inference to establish a material element, the Commonwealth will fail to meet its burden of showing that the charged crime was committed. *Commonwealth v. Wojdak,* 502 Pa. 359, 370, 466 A.2d 991, 997 (1983).

Turning to defendant's motion, we now address the issue of whether the Commonwealth has met the burden of proof necessary to hold defendant over for trial on the two charges of driving under the influence. As stated, defendant is charged with violating 75 Pa.C.S. §3731(a)(1) and (4) which provide:

"§3731. *Driving under influence of alcohol or controlled substance.*

"(a) *Offense defined*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

"(1) under the influence of alcohol to a degree which renders a person incapable of safe driving....

"(4) the amount of alcohol by weight in the blood of the person is 0.10 percent or greater."

In the case at bar, our inquiry must focus upon whether defendant drove, operated or was in actual physical control of the movement of the pickup truck. Our Superior Court has offered guidance on this subject by quoting with approval the Pennsylvania Suggested Standard jury instructions for driving under the influence of alcohol:

"(2) The crime of driving under the influence can be committed not only by a person who drives but also by one who 'operates' or is 'in actual physical control' of the movement of a vehicle. A person does not drive unless he actually has the vehicle in motion, however, a person may operate or be in actual physical control of the movement of a standing vehicle. These terms are more comprehensive than the term drive. (They cover certain situations where a person under the influence is a threat to public safety even though he is not driving at the time.) Thus a person operates a vehicle if he is in actual physical control of either the machinery of the motor vehicle or the movement of the vehicle itself." *Commonwealth v. Leib*, 403 Pa. Super. 223, 230, 588 A.2d 922, 926 (1991). (citations omitted)

Applied to our findings of fact, the Commonwealth has failed to meet its burden of establishing at least prima facie that defendant drove, operated or was in actual physical control of the movement of the vehicle in which he was found. Defendant was asleep when Officer Gerber approached him and his feet were on the driver's side of the seat. The vehicle in which defendant was located

did not have the engine running nor were the lights on. See *Commonwealth v. Crum,* 362 Pa. Super. 110, 523 A.2d 799 (1987). Nor was defendant found slumped over the steering wheel. See *Commonwealth v. Leib,* 403 Pa. Super. 223, 588 A.2d 922 (1991).

To hold otherwise would be to send an entirely wrong message to the community. It is incumbent that if one begins to feel the effects of alcohol on his faculties, he immediately pull to the side of the road and turn off the engine. No encouragement should be given to continue driving. To require, in addition, as the Commonwealth seems to suggest, that the keys be removed from the ignition and thrown from the car would be the height of legal casuistry and fly in the face of all common sense.

Based upon the foregoing, the relief requested in defendant's omnibus pretrial is granted and the charges filed against defendant in the above-captioned case are dismissed.

### ORDER

Now, August 5, 1992, after hearing held June 29, 1992, upon consideration of the arguments of counsel, and for the reasons set forth in the accompanying opinion, it is ordered that the relief requested in defendant's omnibus pretrial motion is granted and all charges filed against defendant in case no. 2877 of 1991 are dismissed.