662 A.2d 1127

**COMMONWEALTH of Pennsylvania ex rel. Gary LAGANA,**

**v.**

**COMMONWEALTH of Pennsylvania OFFICE OF ATTORNEY GENERAL and District Justice Thomas Sharkey.**

**Appeal of Commonwealth of Pennsylvania, Office of Attorney General.**

Superior Court of Pennsylvania.

Argued April 18, 1995.

Filed July 27, 1995.

---

Jerome T. Foerster, Deputy Atty. Gen., Harrisburg, for Commonwealth, appellant.

Frank W. Nocito, Kingston, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

In this Commonwealth appeal, we evaluate whether the Commonwealth has presented a *prima facie* case before a district justice in order to defeat a defendant's petition for habeas corpus relief.

The Commonwealth appeals from the order of the Court of Common Pleas granting in part appellee's petition for writ of habeas corpus. For the reasons that follow we find that the Commonwealth has set forth sufficient evidence to make out its *prima facie* case. We therefore reverse the order of the Court of Common Pleas and remand for further proceedings.

This matter arises out of a payment of $5,275.00 made by Hazel Township, Luzerne County (Township), to appellee Gary Lagana in September of 1986. At the time of the payment, Lagana was serving as a Township Supervisor and was also an insurance salesman. The Township intended that Lagana use the money to procure an Errors and Omissions insurance policy for the Township. It is uncontested that Lagana never purchased the policy. It is further uncontested that Lagana did not return the money until October of 1993, when ordered to do so by the State Ethics Commission.

Following the Ethics Commission's investigation, the Commonwealth filed criminal charges against Lagana charging him with restricted activities,[1] theft by unlawful taking,[2] theft by deception,[3] receiving stolen property,[4] and theft by failure

1. 65 Pa.S.A. § 403(a).
2. 18 Pa.C.S.A. § 3921(a).
3. 18 Pa.C.S.A. § 3922(a)(1)(2)(3).
4. 18 Pa.C.S.A. § 3925.

to make required disposition of funds received.[5]   Following a preliminary hearing Lagana filed a petition for writ of habeas corpus, arguing that the Commonwealth failed to present sufficient evidence to make out a *prima facie* case for each of the crimes charged.   The hearing court agreed and granted Lagana's petition on all charges except the charge of restricted activities.   This appeal followed.

In *Commonwealth v. Lacey,* 344 Pa.Super. 576, 496 A.2d 1256 (1985), a panel of this court discussed the purpose of a preliminary hearing and our standard in reviewing an order granting habeas relief.

A creature of statute, the preliminary hearing is intended to protect the accused from unlawful detention.   To that end, the prosecution must establish at least a *prima facie* case that a crime has been committed and that the accused is the one who committed it.   The Commonwealth's burden at this stage falls short of proof beyond a reasonable doubt. The proof need only be such that, if the evidence were presented at trial and accepted as true, the trial judge would be warranted in allowing the case to go to the jury.

Case law provides a mechanical standard of review:

Our function is to take the facts proven by the Commonwealth at the preliminary hearing and to determine whether the sum of those facts fits within the statutory definition of the types of conduct declared by the Pennsylvania legislature in the Crimes Code to be illegal conduct. If the proven facts fit the definition of the offenses with which the [defendant is] charged, then a *prima facie* case was made out as to such ... offenses.   If the facts do not fit the statutory definitions of the offenses charged against [the defendant] then [the defendant] is entitled to be discharged.

*Id.* at 583–84, 496 A.2d at 1260–61 (citations omitted) (quoting *Commonwealth v. Lynch,* 270 Pa.Super. 554, 411 A.2d 1224 (1979)).   With these standards in mind we turn to the record of the preliminary hearing to determine whether the facts

5.   18 Pa.C.S.A. § 3927.

presented by the Commonwealth make out a *prima facie* case of the crimes charged.

The Commonwealth presented evidence at the preliminary hearing supporting the following facts: that the Township provided Lagana with the money in question for the express purpose of obtaining a particular kind of insurance policy for the Township (R.R. 22–29); that Lagana informed other Township Supervisors that he had placed the policy when in fact he had not (R.R. 52); that Lagana placed the money in a business account and that the funds may have been used by the business for purposes other than procurement of the insurance policy (R.R. 97); that Lagana in fact never obtained the insurance policy (R.R. 24); that Lagana kept the money for eight years and returned it only after being ordered to do so by the State Ethics Commission (R.R. 38–39, 96). We must next determine whether these facts are sufficient to make out each element of the crimes charged.

A defendant is guilty of theft by unlawful taking if he unlawfully takes, or exercises control over, movable property of another with the intent to deprive him thereof. 18 Pa.C.S.A. § 3921(a). Lagana's failure to return the Township's money when his efforts to procure an insurance policy failed reasonably may be considered an illegal exercise of control over the funds. However, the hearing court concluded that the Commonwealth failed to provide proof of criminal intent. We disagree. In evaluating whether the Commonwealth has made out its *prima facie* case, criminal intent may be inferred from circumstantial evidence. *See Commonwealth v. Neckerauer,* 421 Pa.Super. 255, 617 A.2d 1281 (1992) (*en banc*); *Lacey,* 344 Pa.Super. at 584–85, 496 A.2d at 1261. We find that the evidence presented by the Commonwealth, particularly that Lagana may have lied regarding whether the policy had been placed and did not return the money until ordered to do so by the Ethics Commission, is sufficient to infer Lagana's criminal intent. We therefore conclude that the Commonwealth has made out a *prima facie* case of theft by unlawful taking.

■ A defendant is guilty of theft by deception if he obtains or withholds property of another by deception. 18 Pa.C.S.A. § 3922(a). A person deceives if he intentionally "creates or reinforces a false impression, including false impressions as to ... intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." 18 Pa.C.S.A. § 3922(a)(1). It is clear that Lagana obtained or withheld the property of another. Additionally, while we may not infer intent to deceive based solely on Lagana's failure to obtain the insurance policy, the Commonwealth's evidence that Lagana may have lied to his fellow Supervisors regarding placement of the policy is sufficient to overcome the Commonwealth's burden of showing *prima facie* intent. The Commonwealth's evidence is therefore sufficient to make out a *prima facie* case of theft by deception.

■ A defendant is guilty of receiving stolen property if he receives, retains, or disposes of movable property of another knowing that it has been stolen, unless the property is received, retained or disposed with the intent to restore it to the owner. 18 Pa.C.S.A. § 3925(a). Again, in the instant case there is no dispute that Lagana received the money in question. The only question is whether the Commonwealth provided sufficient evidence to support the contention that Lagana intended to steal the money and did not intend to return it to the Township. We again find the Commonwealth's evidence, particularly evidence suggesting that Lagana may have lied to other Township Supervisors and did not return the money until ordered to do so, sufficient to make out a *prima facie* case of criminal intent.

■ A defendant is guilty of theft by failure to make required disposition of funds received if he obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition of the property, and intentionally deals with the property as his own and fails to make the required payment or disposition. In the instant

case, it is undisputed that Lagana obtained the money subject to a known legal obligation to purchase an insurance policy. Additionally, Lagana clearly dealt with the money as his own, commingling the funds with those of his business and possibly using some or all of the money to finance his business operations. Once again, what is at issue is Lagana's intent. As we did *supra*, we find the evidence of possible misrepresentations to other Township Supervisors and Lagana's failure to return the money until ordered to do so sufficient to make out a *prima facie* case of criminal intent.

We conclude that the hearing court erred in granting Lagana's petition for writ of habeas corpus. We emphasize that we make no judgment as to Lagana's guilt or innocence. We merely hold that the Commonwealth presented sufficient evidence to make out a *prima facie* case for each of the crimes charged.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

