**Commonwealth v. Wehr**

*Joseph J. Matika, assistant district attorney,* for Commonwealth.

*Christian D. Frey,* for defendant.

NANOVIC, *P.J.,* October 19, 2009—On April 9, 2009, the defendant, William D. Wehr Jr., filed a petition for writ of habeas corpus asking that we dismiss the charges filed against him. At issue is whether the Commonwealth presented sufficient evidence at the time of the preliminary hearing to establish a prima facie case.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 24, 2007, Wehr, a general construction contractor, signed a written contract with Irina Lyakhovitskaya and Yevgenity Lyakhovitskiy (owners) to erect and construct a one-floor, modular home on their property in Indian Mountain Lakes, Penn Forest Township, Carbon County, Pennsylvania.[1] The total contract price was $116,800. In anticipation of the contract, the owners paid Wehr $20,000 on October 27, 2007. An additional $12,000 was paid when the contract was signed on November 24, 2007. $10,000 was paid on February 9, 2008, for the completed foundation. Also on February 9, 2008, the owners paid Wehr $63,800 to be used for the purchase and delivery of the home from the manufacturer. In all, the owners have paid Wehr a total of $105,800.

Under the contract, Wehr's work was to be completed by January 31, 2008. This has not occurred. What work has been done consists primarily of obtaining permits, clearing the property for construction, digging trenches and installing pipes, and pouring the foundation for the home; the home, however, has never been delivered.

The amount of money Wehr spent toward the erection of the home does not appear on the record of the pre-

---

1. To be precise, the contract is between Wehr's construction business, Pocono Mountain Modular Homes Ltd., and the owners. Wehr is the president of this company and appears to control its operations. Consequently, Wehr individually may be held criminally responsible. See *Commonwealth v. Wood,* 432 Pa. Super. 183, 201, 637 A.2d 1335, 1344 (1994) ("It is well settled that individuals are subject to indictment for acts done under the guise of a corporation where the individual personally so dominated and controlled the corporation as to immediately direct its action.").

liminary hearing. Nor does the record reveal what Wehr has done with all of the monies he received from the owners. Nevertheless, the record is clear that at some point Wehr experienced financial difficulties, was unable to perform his work on time, and has never completed the work he was to perform for the owners.

On February 3, 2009, Wehr was charged with theft by deception[2] and theft by failure to make required disposition of funds received.[3] Both charges were bound over by the magisterial district judge. In evaluating whether this decision is supported by the evidence, we have been provided with a transcript of the preliminary hearing and have before us the same record presented to the district judge.

## DISCUSSION

The thrust of Wehr's argument is that this is a civil matter, not a criminal one, and that no crime has been committed. Wehr concedes that the owners have a cause of action for breach of contract but denies that he ever made false statements, deceived the owners or entered the contract with the intent of not performing. Absent evidence to the contrary, and Wehr claims there is none, Wehr argues there is no crime.

The burden of proof is on the Commonwealth to show the existence of each material element of each crime charged when it attempts to establish a prima facie case. In determining whether the facts presented by the Com-

---

2. 18 Pa.C.S. §3922(a)(1).
3. 18 Pa.C.S. §3927(a).

monwealth make out a prima facie case, we apply a mechanical standard:

"Our function is to take the facts proven by the Commonwealth at the preliminary hearing and to determine whether the sum of those facts fits within the statutory definition of the types of conduct declared by the Pennsylvania Legislature in the Crimes Code to be illegal conduct. If the proven facts fit the definition of the offenses with which the [defendant is] charged, then a prima facie case was made out as to such . . . offenses. If the facts do not fit the statutory definitions of the offenses charged against [the defendant] then [the defendant] is entitled to be discharged." *Commonwealth ex rel. Lagana v. Commonwealth, Office of Attorney General,* 443 Pa. Super. 609, 613, 662 A.2d 1127, 1129 (1995). (brackets and omission in original) Under this standard, we accept Wehr's argument, in part, but not in total.

### Theft by Deception

Section 3922(a)(1) of the Crimes Code, the section with which Wehr has been charged, together with subsection (b), define theft by deception as follows:

"Section 3922. Theft by deception

"(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

"(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to per-

form a promise shall not be inferred from the fact alone that he did not subsequently perform the promise; . . .

"(b) Exception.—The term 'deceive' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed." 18 Pa.C.S. §3922(a)(1), (b).

As is evident from this language, for theft by deception to exist, the Commonwealth must prove intentional deception in the acquisition of another's property. In the context of a construction contract, this intention must exist at the time the payments are received, as distinguished from a subsequent failure to perform the contract. See *Commonwealth v. Bentley,* 302 Pa. Super. 264, 267, 448 A.2d 628, 629 (1982).

The record before us proves only that Wehr failed to perform. No evidence exists of an intent to deceive. To the contrary, at the time the contract was entered, Wehr provided his correct name, address and telephone number. He began work and obviously spent money in this regard. When, because of money shortages, he was unable to pay for the modular home, Wehr wrote the owners of his predicament and asked that they give him additional time to raise the monies to pay the manufacturer and have the home delivered and set. In this letter sent sometime in May 2008, Wehr wrote that he was struggling to stay in business, that he had used some of the owners' money for other purposes, that he no longer had sufficient money to pay for the home, and that he needed their indulgence before he got back on his feet.

(Preliminary hearing, Commonwealth exhibit 7; see also, N.T. 03/11/2009, pp. 22-23.)

By the time the owners received this letter, they were becoming desperate. After making the $63,800 payment in February 2008, for the delivery of the modular home, and being promised repeatedly by Wehr that the home would be delivered, Wehr's letter was a death knell. When they went to Wehr's place of business to obtain more information, they found that the door was locked. Still later, they discovered Wehr had gone out of business.

Although it appears apparent that Wehr was in over his head and was clearly experiencing cash flow problems, the evidence presented does not support a finding that at the time Wehr received the owners' payments, including the $63,800 payment for the home, he did not intend to perform the contract. That he in fact did not perform the contract cannot, by itself, support an inference of an intent to not perform existing at the time the funds were received. See *Bentley,* 302 Pa. Super. at 268-69, 448 A.2d at 630. Absent any other evidence of Wehr's intent to deceive at the time these payments were received, the Commonwealth has failed to prove a prima facie case of theft by deception. See *Commonwealth v. Gallo,* 473 Pa. 186, 189, 373 A.2d 1109, 1111 (1977).

*Theft by Failure To Make Required Disposition*

As to the charge of theft by failure to make required disposition of funds received, section 3927(a) of the Crimes Code provides in relevant part:

"Section 3927. Theft by failure to make required disposition of funds

"(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition." 18 Pa.C.S. §3927(a).

"A defendant is guilty of theft by failure to make required disposition of funds received if he obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition of the property, and intentionally deals with the property as his own and fails to make the required payment or disposition." *Lagana,* 443 Pa. Super. at 615, 662 A.2d at 1130. This offense has four elements:

"(1) The obtaining of property of another;

"(2) Subject to an agreement or known legal obligation upon the recipient to make specified payments or other disposition thereof;

"(3) Intentional dealing with the property obtained as the defendant's own; and

"(4) Failure of the defendant to make the required disposition of the property." *Commonwealth v. Crafton,* 240 Pa. Super. 12, 16, 367 A.2d 1092, 1094-95 (1976),

*opinion corrected,* 410 Pa. Super. 390, 599 A.2d 1353 (1991).

This form of theft is "designed to require the actor to meet the obligation under which he undertook to collect monies or property of another." *Commonwealth v. Wood,* 432 Pa. Super. 183, 200, 637 A.2d 1335, 1344 (1994). In the context of a construction contract that does not require a specific disposition of funds, payments made to the contractor become the property of the contractor at the time of transfer. See *Commonwealth v. Bartello,* 225 Pa. Super. 277, 279-80, 301 A.2d 885, 886-87 (1973); see also, *Commonwealth v. Austin,* 258 Pa. Super. 461, 466, 393 A.2d 36, 38 (1978). Because one cannot misappropriate his own property, when a contractor misuses such payments, he cannot ordinarily be convicted of theft. Under these circumstances, the requirement that the property converted be "the property of another" has not been met. See *Commonwealth v. Robichow,* 338 Pa. Super. 348, 364, 487 A.2d 1000, 1009 (1985) (Spaeth, J., concurring), *appeal dismissed,* 510 Pa. 418, 508 A.2d 1195 (1986). Where, however, payments are received and contractually or otherwise earmarked for a specific purpose, a use inconsistent with that purpose is an appropriate basis upon which to found an embezzlement-type offense since both possession *and* title to the funds has not passed to the recipient. See *Commonwealth v. Coward,* 330 Pa. Super. 122, 127, 478 A.2d 1384, 1387 (1984).

The requirement that the defendant " 'deals with [the] property as his own' does not require that the defendant

actually use the property of another. Rather the word 'deals' in the context of this statute means that the actor treated the property or funds of another, designated to be used for a specific purpose, as if it were his or her own property." *Wood,* 432 Pa. Super. at 200, 637 A.2d at 1344. Further, in contrast to theft by deception, deceit is not an element of theft by unlawful disposition.

At least as to the $63,800 payment, Wehr accepted this money knowing and agreeing it was to be paid to the manufacturer of the modular home for its purchase and delivery to the owners' property. (Preliminary hearing, N.T. 03/11/2009, p. 21.) The receipt Wehr provided the owners at the time of the payment expressly provided that, "This payment is to cover paying the Muncy factory for the modular home 2-14-08." (Preliminary hearing, Commonwealth exhibit 6; see also, Commonwealth exhibit 3, construction contract, paragraph 2, draw schedule, item 5.) In effect, Wehr was to act as an intermediary, facilitating the transfer of these monies between the owners and the manufacturer. When combined with Wehr's letter to the owners in May 2008, advising that he had used this money for other purposes and no longer had the funds available to pay for their home, all of the elements of this offense have been met.

## CONCLUSION

For the forgoing reasons, the charge of theft by deception will be dismissed, with the Commonwealth allowed to proceed to trial on the charge of theft by failure to make required disposition of funds received.