580 A.2d 480

**Robert G. RADMAN, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 1990.

Decided Oct. 5, 1990.

Reconsideration Denied Nov. 21, 1990.

402

Robert G. Radman, Dalton, pro se.

Michael J. Barrasse, Dist. Atty. of Lackawanna County, Scranton, for appellee.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

This is an appeal by Robert G. Radman (Radman) from an order of the Court of Common Pleas of Lackawanna County which, after a trial de novo, found Radman guilty of the charge of failure to pay income tax to Glenburn Township. Radman is before this Court without benefit of counsel.

█ Radman appealed to the Pennsylvania Superior Court, which sua sponte transferred the matter to this Court pursuant to 42 Pa.C.S. § 762(a)(4)(i)(B).[1] This appeal concerning enforcement of a local government ordinance [2]

---

1. **(a) General rule.** Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
   (4) Local government civil and criminal matters.—
      (i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

   .    .    .    .    .

      (B) home rule charter or local ordinance or resolution; or....

2. The wage tax ordinance at issue here provides for residents of Glenburn Township to file a tax return and to pay one per cent of annual gross earned income for the benefit of Glenburn Township

falls within the appellate jurisdiction of this Court. *See Cochran v. Commonwealth*, 69 Pa.Commonwealth Ct. 74, 450 A.2d 756 (1982); *Commonwealth v. Sensi*, 287 Pa.Superior Ct. 452, 430 A.2d 691 (1981).

█ Radman's brief contains numerous substantial defects, which greatly impair our ability to conduct a meaningful review. We, therefore, must quash this appeal without reaching the merits.

> We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. (Citations omitted.)

*Wicker v. Civil Service Commission*, 74 Pa.Commonwealth Ct. 548, 550, 460 A.2d 407, 408 (1983) (citing *Commonwealth v. Sanford*, 299 Pa.Superior Ct. 64, 67, 445 A.2d 149, 150 (1982)).

As noted by the courts in both *Wicker* and *Sanford*, defects in briefs impair our ability to provide a meaningful appellate review. Pa.R.A.P. 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Furthermore, Pa.R.A.P. 2111(a) sets out the minimum requirements for a brief that is presented to this Court. A perusal of Radman's brief indicates substantial omissions and defects, which we now enumerate.

First, we take note of Pa.R.A.P. 2114 which directs that:

> [t]he statement of jurisdiction shall contain a *precise* citation to the statutory provision, general rule or other

and the Abington Heights School District. It was adopted in December of 1985 under the authority granted by The Local Tax Enabling Act (Tax Enabling Act), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924.

█

authority believed to confer on the appellate court jurisdiction to review the order or other determination in question. (Emphasis added.)

Radman's jurisdictional statement rambles on for one and a half pages indicating jurisdiction of this matter in the Supreme Court. He also quotes from and cites the Code of Judicial Conduct and case law, using this section of his brief to put forth argument. It certainly is not a precise citation as to the statement of jurisdiction.

The next requirement in a brief is the order in question. Pa.R.A.P. 2115 requires that the "text of the order ... sought to be reviewed shall be set forth *verbatim* immediately following the statement of jurisdiction." (Emphasis added.) Radman failed to set forth the entire order in the proper place, only submitting a copy of the complete order among the twenty odd documents appended to his brief.

The next rule, specifically Pa.R.A.P. 2116, concerns the statement of questions involved. As this rule is "to be considered in the highest degree mandatory, admitting of no exception" we are constrained to follow its lead. Pa.R. A.P. 2116(a) states:

(a) **General Rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. Whenever possible each question must be followed immediately by an answer stating simply whether it was affirmed, negatived, qualified or not answered by the court or government unit below. If a qualified answer was given to the question, appellant shall indicate, most briefly, the nature of the qualification, or if the question was not answered and the record

shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Although Radman's brief contains one separate page of questions, without any other matter appearing thereon, 28 lines are used setting forth 13 different questions that contain innuendos of unfairness. Furthermore, no attempt was made to indicate whether the trial court answered these questions, or even considered them below.

Radman's statement of the case does not comply with Pa.R.A.P. 2117 in that it rambles on for four pages, again containing numerous arguments as to unfairness and prejudice. Specifically, Pa.R.A.P. 2117(b) states that this section of the brief "shall not contain any argument." The rule further indicates that the statement should include "a balanced presentation of the history of the proceedings and the respective contentions of the parties." In fact, Radman's statement of the case contains argument, with 17 footnotes referring to various pleadings as well as the United States Constitution. It appears that Radman would like this Court to conduct a general review of all proceedings to date based upon allegations of general unfairness of a taxing scheme which has repeatedly been held constitutionally valid by the courts of the Commonwealth. *See* Tax Enabling Act; *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Dakoski v. Urda,* 25 Pa.Commonwealth Ct. 77, 358 A.2d 438 (1976); *Hanek v. Cities of Clairton,* 24 Pa.Commonwealth Ct. 69, 354 A.2d 35 (1976). Even if we were so inclined, petitioner's failure to include a transcript of the trial de novo in the appellate record makes this impossible.

The next section of Radman's brief is entitled "Argument Summaries." Again, it does not comply with Pa.R.A.P. 2118, which requires that:

[t]he summary of argument shall be a concise summary of the argument of the party in the case, suitably paragraphed. The summary of argument should not exceed one page and should never exceed two pages. The sum-

mary of argument should not be a mere repetition of the statement of questions presented. The summary should be a succinct, although accurate and clear picture of the argument actually made in the brief concerning the questions.

Two and one-half pages of numbered sentences again complaining of prejudicial treatment do not comply with this rule.

Finally, with regard to the argument section requirements as set forth in Pa.R.A.P. 2119, Radman accuses the trial court of improper rulings, lack of competency and prejudicial statements. "[T]he 'argument' contains a general, rambling discourse with innuendos of unfairness but few [applicable] citations of authority." *Sanford*, 299 Pa.Superior Ct. at 67, 445 A.2d at 150. In finding Radman's brief "wholly inadequate to present specific issues for review, [this] Court will not consider the merits thereof." *Id.* (Citations omitted.) Accordingly, this appeal is quashed.

## ORDER

AND NOW, this 5th day of October, 1990, the above-captioned appeal is hereby quashed.