**COMMONWEALTH of Pennsylvania**

v.

**Joseph A. CELANO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 20, 1998.

Decided Aug. 4, 1998.

---

**1072**

Joseph A. Celano, appellant, for himself.

Steven T. O'Neill, Norristown, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

SMITH, Judge.

Joseph A. Celano appealed pro se to the Pennsylvania Superior Court, which transferred the matter to this Court pursuant to Section 762(a)(4)(i)(B) of the Judicial Code, 42 Pa.C.S. § 762(a)(4)(i)(B).[1] This appeal is from an order of the Court of Common Pleas of Montgomery County (trial court) dated September 17, 1997, which reinstated the judgment of sentence entered May 2, 1995 that imposed a fine of $100 plus costs on Celano for his violation of Borough of Hatboro Ordinance 888.[2] Celano questions

---

[1]. Appeals concerning the enforcement of a local ordinance are within the appellate jurisdiction of this Court. *See Cochran v. Commonwealth*, 69 Pa.Cmwlth. 74, 450 A.2d 756 (1982).

[2]. Although the exhibit reproducing Ordinance 888 appears to be missing from the Certified Record, the trial court quoted Ordinance 888 in relevant part as follows: "No person, without first obtaining a permit, shall cut, prune, break,

whether the Borough's prosecution of an ordinance violation may supersede the Equal Protection Clause of the United States Constitution and whether evidence was suppressed when the prosecuting attorney failed to notify the trial court or Celano that a witness subpoenaed by the defense was unavailable.

On April 24, 1994, the Borough police received several telephone calls from citizens complaining of a man chopping down a tree growing along a Borough road and one complaint from an individual who reported in person to the police station. In response, Corporal Peter Van Dolsen of the Borough police went to investigate. In the absence of such complaints Corporal Van Dolsen did not, as a matter of routine, investigate to determine whether the ordinance was being violated. When he arrived at the scene, Corporal Van Dolsen discovered that Celano had pruned a 30–foot tree down to a height of 7 feet. When Corporal Van Dolsen told Celano he needed a permit to remove the tree, Celano replied that he was aware of this but that he did not care because his concern was the "liability factor." N.T., September 17, 1997, p. 37.

Corporal Van Dolsen informed Celano that he would double-check the ordinance, and if Celano's actions were in violation of the ordinance he would mail him a citation. Corporal Van Dolsen researched the ordinance and also confirmed that Celano had obtained no permit, and he thereafter issued a citation. Celano argues that he stopped cutting the tree after he was informed of the permit requirement and that he attempted to obtain a permit shortly thereafter. However, as the trial court correctly noted, these factors were not relevant in the proceeding conducted on remand for the limited purpose of allowing Celano to prove the defense of selective prosecution. They should have been raised in the initial trial court proceeding for the trial court to consider when it determined the facts of this matter.

■ Celano appealed the citation to the trial court, which entered the judgment of sentence fining Celano $100 plus costs on May 2, 1995. Celano then appealed to this Court, which issued a decision without reported opinion, *Celano v.Commonwealth* , 677 A.2d 406 (Pa.Cmwlth.1996), that vacated the judgment of sentence and remanded the matter to the trial court to allow Celano the opportunity to prove the defense of selective prosecution, which he had raised. On September 17, 1997, the trial court conducted a hearing at which Celano appeared pro se, and the Commonwealth appeared represented by counsel. Celano had subpoenaed the Borough manager to appear as a witness in his defense, but the Borough manager failed to appear. Celano did not seek a bench warrant or request a continuance but rather voiced his desire to proceed and to prove his defense with the information in his possession. Thereafter on the same day, the trial court issued an order reinstating the judgment of sentence entered May 2, 1995. The trial court concluded that Celano failed to prove selective prosecution because he had demonstrated no other instance when an individual violated the ordinance and was not prosecuted and that he failed to demonstrate that an invidious reason existed for the Borough's prosecution of him.[3]

■ Celano argues that the trial court erred in suppressing material evidence in violation of Pa. R.Crim. P. 305(D) and erred in concluding that he failed to prove the defense of selective prosecution. First, Celano contends that the prosecuting attorney knew that the Borough manager would not appear even though Celano had subpoenaed him but failed to disclose this knowledge to Celano at the hearing. However, Pa. R.Crim. P. 305(D) imposes a continuing duty

---

affix any foreign object to or in any way cause injury to any shade tree with [sic] any public right-of-way or municipal park within the Borough." Trial court opinion dated October 23, 1995, p. 3.

**3.** This Court's review of a common pleas court order is limited to a determination of whether constitutional rights were violated and whether the common pleas court abused its discretion or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Cmwlth. 499, 563 A.2d 1284 (1989), *appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990); *Board of Pensions and Retirement of City of Philadelphia v. Einhorn*, 77 Pa. Cmwlth. 228, 465 A.2d 139 (1983).

on the parties to disclose additional evidence and material including the identity of additional witnesses when these were previously requested or ordered. Celano has not shown that this rule was violated by the prosecuting attorney because the identity of the Borough manager was already known to Celano, as evidenced by the fact that Celano had subpoenaed him. Additionally, at the commencement of the hearing, Celano knew that the Borough manager was not present and brought this to the attention of the trial court.

 To protect his right to present testimony favorable to himself, Celano could have requested that a bench warrant be issued or that a continuance be granted. *Hando v. Commonwealth*, 84 Pa.Cmwlth. 63, 478 A.2d 932 (1984). He did neither. Therefore, the Court agrees that Celano waived his right to present the testimony of the Borough manager. The Court also rejects Celano's contention that the prosecuting attorney is equitably estopped from arguing that Celano waived his right. Equitable estoppel is a doctrine that prevents a party from doing an act differently than the manner in which that party induced another by word or deed to expect. *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (1983).

██ Celano asserts that the prosecuting attorney did not express his knowledge that the Borough manager would not be present and that Celano was led to assume that the witness had not received the subpoena. However, it was apparent to Celano that the Borough manager was not present, and Celano chose to proceed without him. Celano has not shown that the prosecuting attorney's action induced Celano's decision to proceed without the Borough manager; inducement may not be supported solely by speculation. *Novelty Knitting Mills*. Thus Celano's equitable estoppel claim has no basis in law or fact.

 The U.S. Supreme Court has stated: "Selectivity in the enforcement of criminal law is ... subject to constitutional constraints." *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). To establish a selective prosecution claim in Pennsylvania, the defendant must prove (1) that others who are similarly situated are generally not prosecuted for similar conduct and (2) that the defendant was intentionally and purposefully singled out for an invidious reason. *Baumgardner Oil Co. v. Commonwealth*, 146 Pa.Cmwlth. 530, 606 A.2d 617 (1992), *appeal denied*, 531 Pa. 648, 612 A.2d 986 (1992); *Commonwealth v. Butler*, 367 Pa.Super. 453, 533 A.2d 105 (1987), *aff'd in part and remanded in part*, 529 Pa. 7, 601 A.2d 268 (1991). Impermissible grounds such as race, religion or any arbitrary classification or the exercise of some constitutional right may constitute such an invidious reason. *Commonwealth v. Mulholland*, 549 Pa. 634, 702 A.2d 1027 (1997). This record is devoid of any showing that another individual pruned or cut a tree in the Borough's public way in violation of the ordinance.

The record is similarly devoid of evidence that Celano was intentionally and purposefully singled out for an invidious reason. Celano argues that the Borough issued only 13 permits in the past 4 years and that this fact must lead one to conjecture that many more individuals cut or pruned Borough trees without permits. The Court does not agree and, in addition, notes that the trial court would have erred as a matter of law in making a finding of fact based on conjecture. Celano asserts that he is the son of the Borough's mayor and may run for the office of mayor in the future with his father's endorsement and that he was singled out for prosecution because of these factors. This assertion shows only a possible motive and does not prove that the Borough or any Borough officials involved in the decision to prosecute were in fact motivated by these factors.

Celano also argues that Corporal Van Dolsen's observation of Celano violating the ordinance does not mean that the prosecution could not have been improperly motivated. This may be true; however, Celano had the burden of proving the existence of that motive, and he failed to do so. Therefore, this Court concludes that the trial court did not err in determining that Celano failed to prove the defense of selective prosecution.

Celano presented no evidence to demonstrate that others similarly situated were generally not prosecuted by the Borough for similar conduct and that he was intentionally and purposefully singled out for some invidious reason. *Baumgardner.* Accordingly, the trial court's order reinstating the judgment of sentence against Celano entered May 2, 1995 is affirmed by the Court.

### ORDER

AND NOW, this 4th day of August, 1998, the order of the Court of Common Pleas of Montgomery County, dated September 17, 1997, is hereby affirmed.