J-A08020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL RODRIGUEZ | : | |
| | : | No. 1884 EDA 2017 |
| Appellant | : | |

Appeal from the Order May 12, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-SA-0000154-2016,
CP-45-SA-000209-2016

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 25, 2018**

Manuel Rodriguez appeals[1] from the order, entered in the Court of Common Pleas of Monroe County, finding him guilty of the summary offenses of improperly tinted car windows[2] and unauthorized mounting of a blue light on a vehicle.[3]  After careful review, we affirm.

---

[1] On April 10, 2018, Richard P. White, Esquire, entered his appearance for the Commonwealth of Pennsylvania.  He noted that no Appellee brief will be filed in the matter.

[2] 75 Pa.C.S. § 4524(e)(1).

[3] 75 Pa.C.S. § 4572(c).

---

*   Retired Senior Judge assigned to the Superior Court.

Rodriguez is a Pennsylvania State Constable.[4] On July 11, 2016, Rodriguez was pulled over in his unmarked, white Ford Crown Victoria sedan[5] by Detectives Brian Webbe and Kim Lippincott of the Monroe County District Attorney's Office. The detectives issued Rodriguez two non-moving traffic citations[6] for window-tint and blue light summary violations.[7] When he was stopped, Rodriguez showed the officers his membership card (dated 4/27/16) in a volunteer organization, "Defiance Search and Rescue (DSR)."[8] The DSR

---

[4] A constable is an elected official authorized to appoint deputy constables. A constable is an independent contractor and is not an employee of the Commonwealth, the judiciary, the township, or the county in which he works. *See In re Act 147 of 1990*, 598 A.2d 985 (Pa. 1991); *Rosenwald v. Barbieri*, 462 A.2d 644 (Pa. 1983); *Commonwealth v. Roose*, 690 A.2d 268 (Pa. Super. 1997). *See also Commonwealth v. Rodriguez*, 81 A.3d 103 (Pa. Super. 2013) (because Pennsylvania constables are not employees of Commonwealth, defendant-constable's private vehicle, driven in capacity as independent contractor, did not qualify as exempt governmental vehicle under section 4524(e)(2)(i) of the Vehicle Code).

[5] The vehicle was designated a police interceptor model. N.T. Non-Jury Trial, 5/12/17, at 79.

[6] Rodriguez was also cited for four non-moving violations in June 2016; however, the Commonwealth chose not to go forward with the *de novo* appeal of those charges and they were dismissed at Rodriguez's non-jury trial. N.T. Non-Jury Trial, 5/12/17, at 8-9.

[7] The trial court consolidated the two summary offenses for purposes of trial.

[8] On the citation, Detective Webbe made the following notation, "Defendant claims membership in a search and rescue organization that appears largely fictitious and for which the Chief hasn't provided a list of authorized individuals to PSP, meaning the Pennsylvania State Police." N.T. Non-Jury Trial, 5/12/17, at 21.

membership card was signed by Roger Metzger, listed as the authorizing chief officer of DSR. Metzger is also a Pennsylvania State Constable. Rodriguez was convicted of both offenses before a magistrate. Rodriguez filed a timely *de novo* appeal from his summary convictions; on May 12, 2017, a non-jury trial was held.

At the non-jury trial, Detective Webbe and Constable Metzger[9] testified. Detective Webbe testified that after citing Rodriguez, he investigated the DSR to determine whether Rodriguez was a certified member of the organization listed at a nearby police station in order to make him eligible to display the blue lights on his vehicle pursuant to 75 Pa.C.S. § 4527. Webbe testified that despite contacting several local police stations, only one trooper had received a signed list from DSR Chief Metzger listing Rodriguez as a certified member. The list, however, was dated July 18, 2016, and received by the barracks on July 22, eleven days after the instant offenses.

Metzger testified that as chief officer of DSR, he incorporated the organization in Emmaus, Pennsylvania, where he resides. Metzger also testified that in October 2015 he sent an original, unsigned list of DSR's

_____

[9] At trial, Metzger testified that he currently held the position of President of the Monroe County Constables' Association and president of the Pennsylvania Fraternal Order of Constables. N.T. Non-Jury Trial, 5/12/17, at 78.

members to the Bethlehem Police Barracks and, then, an updated, signed list in July 2016, via first class mail.[10]

At the conclusion of trial, the court found Rodriguez guilty of the summary offenses; he was ordered to pay costs and fees.[11]  Rodriguez filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise[12] statement of errors complained of on appeal.  Rodriguez presents the following issues for our consideration:

(1)     Was the prosecution in the instant case . . . an unconstitutional selective prosecution?

(2)     Should the objection on page 45, at line 24, have been overruled, because sustaining it prevented the defendant from proving his (un)constitutionality defense[?]

(3)     Does the evidence support only the conclusion . . . that [Rodriguez] was a member of a search[] and [] rescue organization, and that he was entitled to the exemption under 75 Pa.C.S. § 4572(a)?

(4)     Does the evidence support only the conclusion . . . that a person can see through the car's windows [] so that there is no violation of 75 Pa.C.S. § 4524[]?

---

[10] Both Webbe and Metzger took photographs of the tinted windows of Rodriguez's vehicle that were admitted at exhibits at trial.

[11] Specifically, the court ordered Rodriguez to pay $25 in fines and costs for the window-tint offense, and $25 in fines and $100 in costs for the unauthorized blue-light offense.  N.T. Non-Jury Trial, 5/12/17, at 121-23.

[12] Technically, Rodriguez's 8-page Rule 1925(b) statement is anything but concise.  It contains unnecessary details and citations to the record, not to mention it rambles and is, at times, incomprehensible.

(5)     Is the tint statute[,] 75 Pa.C.S. § 4524[,] . . . unconstitutionally vague, as applied?

(6)     Is 75 Pa.C.S. § 4572(d) [--] especially the search[] and seizure[] rescue organization statute [--] unconstitutionally vague, as applied[,] to the extent that the government can prosecute by means of _electing_ to disregard the exception or exemption in § 4572 and in § 4572(a)(1) by whim?

(7)     Should the five objections discussed in [Rodriguez's brief] have been sustained?[13]

Appellant's Brief, at 5-6 (emphasis in original).

Rodriguez first argues that he has been the subject of selective prosecution. Specifically, he alleges that the stop of his vehicle was unconstitutionally selective where the Monroe County District Attorney's Office had specifically decided to single out constables because of equipment they had on their cars.

To establish a selective prosecution defense in Pennsylvania, the defendant must prove that: (1) others who are similarly situated are generally not prosecuted for similar conduct, and (2) the defendant was intentionally and purposefully singled out for an invidious reason. ***Commonwealth v. Murphy***, 795 A.2d 907 (Pa. Super. 2002).

Instantly, Rodriguez claims that similarly situated individuals such as private police officers, private railroad police, humane society police, and fishing and gaming commission law enforcement officers have not been

---

[13] We limit our review to those objections raised by Rodriguez in his Rule 1925(b) statement; any other objections raised in his appellate brief are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

investigated like constables with regard to prosecuting window-tinting and blue-light summary violations. In fact, he claims that most of these similarly situated individuals have no tint exemption and have no legal authority to equip their vehicles with the particular light bars. Appellant's Brief, at 23.

While Rodriguez makes these sweeping generalizations, he fails to present evidence to support his argument. Although Detective Webbe testified that he was familiar with recent constable traffic violations and was aware that his partner had cited Rodriguez for four violations in June 2016, he also testified that he was not under any instructions to pay special attention to Rodriguez and that he had also discussed other constables with members of his office. Here, the court chose to believe Detective Webbe's testimony that his office was not selectively prosecuting constables for traffic citations. Without evidence to show that Rodriguez, as a constable, was intentionally and purposefully singled out for an invidious reason, or that other similarly situated individuals were generally not prosecuted for similar conduct, this claim fails. *Commonwealth v. Sanico, Inc.*, 830 A.2d 621 (Pa. Commw. 2003) (where there was no evidence in record to suggest defendant was intentionally and purposefully singled out for invidious reason, selective prosecution defense not viable); *Commonwealth v. Celano*, 717 A.2d 1071 (Pa. Commw. 1998) (same).

In his next issue on appeal, Rodriguez contends that the court improperly sustained a Commonwealth objection to defense counsel's cross-examination of Detective Webbe. Specifically, Rodriguez claims that the

sustained objections "prevented [him] from proving his (un)constitutionality defense." Appellant's Brief, at 25.

Rodriguez asserts that by sustaining the Commonwealth's objection to his attorney's questioning of Detective Webbe, he was unable to elicit evidence to support his selective prosecution defense. Although the court initially deemed counsel's questioning of Detective Webbe irrelevant, the court later permitted counsel to ask the detective if he had ever "been in communities and near communities where [he saw] that their cars have red and blue lights on them." N.T. Non-Jury Trial, 5/12/17, at 48. Detective Webbe testified that he had been in those communities and had never cited the drivers of those vehicles because they were on private property; he also testified that he had never seen those drivers out on the main, public roads. *Id.* at 48-49. Detective Webbe, however, did testify that his office had discussed the visible traffic violations being committed by several different area constables, that he was not aware of any other constables having been given citations, and that he was aware at the time of the present vehicle stop that his partner had given Rodriguez four citations in the month of June. *Id.* at 50-51. Finally, Detective Webbe testified that he was not under any instructions to pay special attention to Rodriguez, that he had discussed other constables with members of his office, and that he writes citations relatively infrequently. *Id.* at 51.

From a review of the record, we do not find that the trial court impermissibly prevented counsel from questioning Detective Webbe on cross-examination, where the court ultimately permitted counsel to question the

detective regarding his process of issuing citations, the frequency with which he cited others in the community for vehicle code violations compared to constables, and his familiarity with Rodriguez's prior citations.

In his next issue on appeal, Rodriguez contends that the evidence sufficiently proves that he was a member of a search and rescue organization, and, therefore, was eligible to display a blue-light bar on the top of his vehicle.

Pursuant to 75 Pa.C.S. § 4572:

(a) Flashing or revolving blue lights. — Ambulance personnel, volunteer firefighters, **certified volunteer search and rescue organization members** and owners and handlers of dogs used in tracking humans **may each equip one motor vehicle with no more than two flashing or revolving blue lights.**

(1) **In order to be eligible to display lights on their vehicles under this subsection, the names of the** ambulance personnel, volunteer firefighters and **certified volunteer search and rescue organization members shall be submitted to the nearest station of the Pennsylvania State Police on a list signed by** the chief of the ambulance or fire department or company, **the head of the search and rescue organization**, and each dog owner and handler shall register at the nearest Pennsylvania State Police station.

\* \* \*

(c) No vehicle other than a duly authorized vehicle may be equipped with lights identical or similar to those specified in subsections (a) and (b).

75 Pa.C.S. § 4572(a)(1) (emphasis added).

Although Rodriguez showed Detective Webbe a membership card for the DSR when he was stopped, under section 4572 Rodriguez is only eligible to have the blue light bar atop his vehicle if: (1) he is a certified volunteer search and rescue organization member; and (2) as a certified DSR member, his

name had been submitted to the nearest station of the Pennsylvania State Police on a list signed by the head of the search and rescue organization.

Instantly, the trial court concluded that Rodriguez did not qualify as an eligible person to have a blue-light bar on his vehicle because: the court did not find credible evidence that DSR validly exits; there was nothing on Rodriguez's vehicle indicating that it was being used to respond to search and rescue calls; Rodriguez's name appeared on a list of Bethlehem State Police Station approved search and rescue members only *after* the date of the current violation; the Bethlehem State Police Station had no record of any such member list effective at the time of Rodriguez's stop; evidence contradicted Constable Metzger's testimony that DSR was a legitimate search and rescue organization created prior to October 15, 2015 (date of alleged prior membership list to Bethlehem State Police Station); no evidence supported Metzger's testimony that DSR was in existence prior to it being given 501(c)(3) approval in December 2015 when incorporation documents were filed; and no credible evidence regarding DSR meetings or information about the organization's activities was provided.

The record supports the trial court's findings. Critically, there is no evidence to show that Rodriguez was, *at the time of the stop*, on a signed list which had been submitted to the nearest state police station, indicating that he is a certified member of a search and rescue organization. Detective Webbe investigated the DSR, contacting four local police barracks to see if any had submitted signed, certified member lists. The four barracks had

neither received any list with DSR members, nor had they heard of DSR. N.T. Non-Jury Trial, 5/12/17, at 29. Only one trooper from the Bethlehem branch of the Pennsylvania State Police told Detective Webbe that he had received an updated list of members[14] of the DSR, dated July 18, 2016, *after* the subject stop and citation. *Id.* at 29-30. The trooper noted that he had never received the original list allegedly sent in October 2015. *Id.* at 30. However, even if the trooper had received the original list, it was not signed by Metzger, a requirement under section 4572. Without this proof, Rodriguez was not eligible under section 4572 to display a blue-light bar on the top of his vehicle. Thus, we find no merit to this claim.

Rodriguez next asserts that the evidence supports the conclusion that the window tinting on his vehicle did not violate section 4524. We disagree.

A person violates this Commonwealth's window-tinting statute when he or she "drive[s] any motor vehicle with any sun screening device or other material **which does not permit a person to see or view the inside of the vehicle through the** windshield, side wing or **side window of the vehicle**." 75 Pa.C.S. § 4524(e)(1) (emphasis added). Instantly, Detective Webbe testified at the summary trial that because of the window tint, he could not see through the vehicle's side or rear windows into its interior. N.T. Summary Trial, 5/12/17, at 41. The trial judge found Detective Webbe credible and also found that the detective's photographs of the subject

---

[14] Thirteen of the eighteen listed DSR members were constables. N.T. Non-Jury Trial, 5/12/17, at 38.

vehicular windows convincing. The court discredited both Constable Metzger's photographs of Rodriguez's car windows, as well as Constable Metzger's testimony that he could see clearly into the windows. We will not disturb the trial court's credibility determinations. ***Commonwealth v. Sanchez***, 36 A.3d 24 (Pa. 2011) (finder of fact exclusively weighs evidence, assesses credibility of witnesses, and may choose to believe all, part, or none of evidence). Accordingly, we conclude that the evidence supports the trial court's conclusion that the window tinting on the windows of Rodriguez's vehicle violated section 4524(e)(1). ***Cf. Commonwealth v. Brubaker***, 5 A.3d 261 (Pa. Super. 2010) (where arresting officer testified that he was capable of seeing into defendant's vehicle, even though sun screening material was on windows, terms of section 4524(e)(1) not met).

Finally, Rodriguez contends that sections 4524 and 4572 are unconstitutionally vague. Despite Rodriguez's claim that the standard required for legal tinting is neither clear nor measurable, and that the search and rescue provision of section 4572 can be disregarded at a whim, we disagree. We do not find either statute void for vagueness.

In evaluating a challenge to the constitutionality of a statute, our Supreme Court has held:

> [A]ny party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute clearly, palpably, and plainly violates the Constitution. The presumption that legislative enactments are constitutional is strong. All doubts are to be resolved in favor of finding that the legislative enactment

passes constitutional muster. Moreover, statutes are to be construed whenever possible to uphold their constitutionality.

*DePaul v. Commonwealth*, 969 A.2d 536, 545-46 (Pa. 2009) (internal quotations and citations omitted).

When a statute is challenged as unconstitutionally vague, our Pennsylvania courts apply the following test:

> Under the void-for-vagueness standard, a statute will only be found unconstitutional if the statute is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. However, a statute will pass a vagueness constitutional challenge if the statute define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in the manner that does not encourage arbitrary and discriminatory enforcement.

*Commonwealth v. McCoy*, 69 A.3d 658, 662 (Pa. Super. 2013) (quotation marks and citations omitted).

Section 4524 prohibits vehicular window tinting that does not permit a person to see or view the inside of the vehicle. Section 4572[15] requires certified members of volunteer search and rescue organizations to have their names submitted and on file with the nearest Pennsylvania State Police

---

[15] To the extent that Rodriguez claims the trial court found that he was not exempt under section 4572 because the DSR was not a *bona fide* search and rescue organization, we do not base our decision today on that factor. Rather, this Court concludes that because there was no evidence of record to show that Rodriguez had complied with the requirements of section 4572, he cannot benefit from the exemption; namely, the local state police barracks did not have a signed list of the certified members of the DSR at the time of the instant violations. *See Commonwealth v. Thompson*, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001) (it is well settled that we may affirm trial court on different grounds).

- 12 -

Station in order to be eligible to display lights on their vehicles. The language of both statutes is not vague; it defines the proscribed criminal conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. ***Commonwealth v. McCoy***, 69 A.3d 658, 662 (Pa. Super. 2013). Moreover, we note that there are many examples in the Vehicle Code of behaviors that are prohibited and rely on a police officer's perception for enforcement, such as driving a vehicle at a safe speed and whether a vehicle meets or overtakes a school bus. As noted in ***Grayned v. City of Rockford***, 408 U.S 104, 110 (1972), "we can never expect mathematical certainty from [a statute]."

Here, Detective Webbe testified at the summary trial that because of the window tint, he could not see through the vehicle's side or rear windows into its interior. N.T. Summary Trial, 5/12/17, at 41. Pictures admitted at trial confirm the fact that the window-tinting prevented a person from viewing the interior of Rodriguez's car.

Therefore, while section 4524 does not provide the exact degree to which the windows shall be tinted to constitute a violation under the statute, an ordinary person can understand the conduct prohibited under section 4524. Moreover, the requirements for exemption under section 4572 are clearly and sufficiently stated with specificity such that Rodriguez could understand what was required to make him exempt under the statute. Accordingly, Rodriguez

fails to satisfy the heavy burden of proving that the statutes are unconstitutional. **DePaul**, **supra**.

Order affirmed.[16]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

---

[16] We herein grant Rodriguez's "New Application for Correction."